UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WERONIKA E.K. JANCZUK,

                Plaintiff,

-against-

UNITED STATES OF AMERICA; THE
MARSHALS OF THE USA; THE FEDERAL
BUREAU OF INVESTIGATION,

                Defendants.

24-CV-3661 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. By order dated October 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

This action is one of approximately twenty actions that Plaintiff has filed in this court in the past few months.[1] In this complaint, Plaintiff Weronika Janczuk alleges the following facts:

> [0002] As of 2000, the PLAINTIFF experiences changes sensory daily of a type-patterned.
>
> [0003] As of 2022, the PLAINTIFF experiences daily with her senses the lives of the defendants herein appended by a potential form of technological-or-other transference; she does have a claim-objective to method-of-action. The PLAINTIFF was prepared to testify to all the notes submitted to the USA legal-judicial system with regards to persons-foreign in accord with the documentation appended.
>
> [0004] As of 2006, unto even more so, with great vividness, as of 2019, the PLAINTIFF experiences changes sensory that actively inhibit all forms of spontaneous, dynamic, active cognition and affection. These states change unto

---

[1] *See Janczuk v. Fed. Trade Comm'n*, ECF 1:24-CV-3703, 6 (LTS) (S.D.N.Y. Aug. 6, 2024) (dismissing complaint as frivolous, and collecting cases); *Janczuk v. United States*, ECF1:24-CV-3719, 6 (LTS) (S.D.N.Y. Aug. 6, 2024) (same).

2

> normal, when scaffolded difficulties change or break. Medical records will show this testimony.
>
> [0005] As of 2006, unto even more so, with great vividness, as of 2019, the PLAINTIFF experiences changes in memory pattern, including ever-more-frequent and compressed set-ups.
>
> [0006] As of 2022, the PLAINTIFF experiences daily minor losses of motor authorities and hegemonies that, *i.e.*, yield drops in objects never before dropped.
>
> [0007] As of 2022, the PLAINTIFF perceives daily inner-stimulated externally-demonstrated suggestions of promise (i.e., a good job) that yield within short phases of time perceived destructions-of-faith, as if she were the victim to a roboticized import of trauma-infliction.
>
> [0008] As of 2022, the PLAINTIFF daily hears in close proximity to her whereabouts the voices of the defendants, in conversation and hysteria, with perceived feedback that these voices are hers in speech (when she knows them to be not--she hears voices foreign in discourses, voices not her own, and perceptions are such that her words are somehow not heard or muffled in discourses where there is adjudicative bent).

(ECF 1 at 3-4.)

Plaintiff also makes allegations that may relate to her conviction in *United States v. Janczuk*, No. 24-CR-0010 (LGS) (S.D.N.Y. Jan. 29, 2024), pursuant to her guilty plea, to one count of making threatening interstate communications in violation of 18 U.S.C. § 875(c).[2] Magistrate Judge Moses issued the warrant for Plaintiff's arrest and held a hearing about Plaintiff's competence to represent herself *pro se* on the criminal charges against her, *United States v. Janczuk*, No. 21-MJ-10886, 10 (S.D.N.Y. Mar. 22, 2022). Plaintiff states:

> JANCZUK has heard techno-generated versions-false of her family members' voices. JANCZUK entered self-defense modi when Judge Barbara Moses failed to question entered false testimony during a 2022 bail hearing; JANCZUK has

---

[2] Charges against Plaintiff for cyberstalking, in violation of 18 U.S.C. § 2261(A), were dismissed.

insisted that no evidentiary basis of a real kind for claims made by the team-prosecutorial can or do exist, and that all has been set-up, with intent mapped.

(ECF 1 at 4.) [3]

Plaintiff further alleges:

The USA establishes positively its right to plead the fifth and the right to never self-incriminate.

[ ] The USA establishes positively that stalking and otherwise are criminal in nature and are subject to investigation and judicial condemnation.

[ ] The USA establishes an evidentiary basis for stalking and otherwise that is founded upon concretes acquired during investigation.

[ ] Non-litigated common sense would suggest that all crime--including stalking-- is such that is experienced and/or observed before it is reported before it is investigated before it is charged before it is convicted. If a human person is a victim in proximity, thus, before any report or otherwise can be made, and/or is abused during the process of attempt to report, it is true in the USA that a person ever charged for crime under circumstances of abuse can be found to have operated in self-defense.

[ ] The USA did not appear to practice any respect for the possibility of abuse underlying charges against the plaintiff-particular by listening-to and investigating-complexly claims to endurance of states and contexts involuntary.

(ECF 1 at 2.) [4]

Plaintiff brings this suit against the Federal Bureau of Investigation, the United States, and "the Marshals of the USA." The relief that she seeks is "to enter criminal investigation of the persons in this document," "[t]o confirm alibi immediately for all persons in this document," and to have a "police investigation for inverted stalking charges." (*Id.*)

---

[3] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

[4] The United States Probation Office recently submitted a report for alleged violations of Plaintiff's supervised release, and the matter is set for hearing on October 21, 2024. *Janczuk*, No. 24-CR-010, 61.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's allegations rise to the level of the irrational and there is no apparent legal theory on which she can rely to state a claim in connection with her requests for such relief against the named Defendants. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

Moreover, insofar as Plaintiff might be attempting to bring some collateral challenge to her conviction, a civil rights action is not a proper vehicle for such a claim. A petition for a writ of *habeas corpus* is the sole remedy to challenge a judgment of conviction, s*ee Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and a challenge to a federal conviction is brought as a motion to vacate under 28 U.S.C. § 2255.[5] In addition, Plaintiff has ongoing proceedings in her criminal case about her post-release supervision. Any challenge to Plaintiff's conviction in this civil rights action is therefore dismissed without prejudice.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has been warned that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions in this court *in forma pauperis*. *See Janczuk v. Fed. Trade Comm'n*,

---

[5] If Plaintiff wishes to challenge her January 2024 judgment of conviction in a Section 2255 motion, the deadline for bringing such an application generally is one year from the date judgment became final at the conclusion of direct review. 28 U.S.C. § 2255(f)(1).

ECF 1:24-CV-3703, 6 (LTS) (S.D.N.Y. Aug. 6, 2024) (relying on 28 U.S.C. § 1651). That warning remains in effect.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Any challenge to Plaintiff's judgment of conviction in *United States v. Janczuk*, No. 24-CR-0010 (LGS) (S.D.N.Y. Jan. 29, 2024), or any objection to the ongoing proceedings in that matter about post-release supervision, is dismissed without prejudice.

Plaintiff is warned that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions *in forma pauperis* in this court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   October 25, 2024
         New York, New York

                                     /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge